**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197
*Attorneys for Plaintiff*,
Tina Barnes

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TINA  BARNES,** | **Case No.:** 8:21-cv-01018 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **JPMORGAN CHASE BANK, N.A.,** | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | **2.) CONSUMER CREDIT REPORTING AGENCY ACT, CALIFORNIA CIVIL CODE § 1785 ET SEQ.;** |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| **TRANS UNION, LLC, AND CBCINNOVIS, INC.,** | |
| Defendants. | **3.) CALIFORNIA IDENTITY THEFT ACT, CALIFORNIA CIVIL CODE §1798.93, ET SEQ.;** |

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**4.) CALIFORNIA PENAL CODE §530.8; AND**

**5.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVICL CODE §1788 ET SEQ.**

**DEMAND FOR JURY TRIAL**

*[Remainder of page intentionally left blank]*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

COMPLAINT

# INTRODUCTION

1. Plaintiff Tina Barnes (hereinafter "Plaintiff") is a victim of identity theft.

2. An unknown and unauthorized individual unlawfully used Plaintiff's personal information, including her social security number ("SSN") to apply for, open, and use a Chase credit card in her name.

3. Plaintiff filed a police report with the Los Angeles Police Department and notified all Defendants of the identity theft and unauthorized use of her personal information.

4. As alleged herein, JPMorgan Chase Bank, N.A. (hereinafter "Chase") repeatedly refused to investigate Plaintiff's claims of identity theft, and has instead maintained an interest in money which is the product of identity theft in violation of: the California Identity Theft Act (hereinafter "CITA"), Cal. Civ. Code §§ 1798.93 et seq. and the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Cal. Civ. Code §§ 1788 et seq.

5. In addition, Chase has furnished incorrect and/or incomplete information regarding the alleged debt based on identity theft to at least one Credit Reporting Agency ("CRA"). Plaintiff has disputed Chase's reporting, and Chase failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681 et seq.

6. **TINA BARNES**, by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **JPMORGAN CHASE BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AND CBCINNOVIS, INC.** for violations of: (1) the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., (2) the California Consumer Credit Reporting Agencies Act (hereinafter "CCRAA"), Cal. Civ. Code §§ 1785 et seq., (3) the California Identity Theft Act, Cal. Civ.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

Code §1798.93 et seq., (4) California Penal Code § 530.8, and (5) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

11. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

12. At all times relevant, Plaintiff was an individual residing within the State of California.

**FDCPA AND RFDCPA**

13. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

14.   Similarly, when enacting the RFDCPA, the California Legislature found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

15.   The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

16.   To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard.  *Gonzales* at 1061.  This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence.  *Id.*  In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014)

**FCRA and CCRAA**

17. The FCRA, found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

18. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those

[1] FCRA, 15 U.S.C. § 1681(a)(4)
[2] Cal. Civ. Code § 1785.1(d)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

found in the FCRA. For example, Cal. Civ. Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

19. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

20. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

21. This action arises out of Defendants' violations of: (1) the FCRA, (2) CCRAA, and (3) CITA, (4) California Penal Code § 530.8, and (5) RFDCPA.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

23. Plaintiff is a natural person who resides in the city of Canoga Park, County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

24. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code §1798.92(d).

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

25. Defendant JPMorgan Chase Bank, N.A. is a United States corporation operating from an address of 111 Polaris Parkway, Columbus, OH 43240, and is a "person" as defined by 15 U.S.C. § 1681a(b).

26. Chase purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

27. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

28. Chase is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

29. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs").

30. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs").

31. Defendant Trans Union, LLC (hereinafter "Trans Union") is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs").

32. Defendant CBCInnovis, Inc. (hereinafter "Innovis") is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Credit Reporting Agencies" or "CRAs").

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

33. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

34. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendant were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-Defendant and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-Defendant, and each of them. Any reference hereafter to "Defendant" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

35. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

36. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

37. Plaintiff is victim of identity theft.

38. Plaintiff is 70 years old.

39. In the beginning of 2020, Plaintiff obtained copies of her credit reports and saw that there were two Chase accounts with past due balances on there that were not hers and that she did not authorize anyone to open on her behalf.

40. Plaintiff disputed the accounts to Chase and to third parties Experian, Equifax, and Trans Union several times online.

41. The accounts were not removed from her credit reports, but rather were "verified" as accurate by Chase, Experian, Equifax, and Trans Union.

42. Chase provided Plaintiff with some details of the applications (not the actual applications themselves) and the credit card statements for both accounts via letter dated March 4, 2020.

43. Plaintiff sent a dispute to Chase on or around May 8, 2020, via written letter, and sent disputes to third parties Experian, Equifax, and Trans Union on or around April 28, 2020, via written letter.

   a. The disputes to Chase, Experian, Equifax, and Trans Union included a copy of the police report and notified them that Plaintiff was a victim of ID theft regarding the two Chase accounts she was disputing.

44. Again, the accounts were not removed from her credit reports, but rather were "verified" as accurate by Chase, Experian, Equifax, and Trans Union.

45. Experian did not block the account from Plaintiff's credit file after receiving the April 28, 2020, dispute.

46. Equifax did not block the account from Plaintiff's credit file after receiving the April 28, 2020, dispute.

47. Trans Union did not block the account from Plaintiff's credit file after receiving the April 28, 2020, dispute.

48. Plaintiff is not sure how an unknown third party obtained access to her personal identifying information to open these credit card accounts without her knowledge or permission.

49. The statements and application show that addresses in Las Vegas, Nevada, were used to open the accounts, specifically: 9021 Moss Creek Circle, Las Vegas, NV 89117 and 11021 Rossi Ave, Las Vegas, NV 89144.

50. Plaintiff has never lived in or been associated with Nevada, or in Las Vegas specifically.

51. Plaintiff has never lived at or been associated with the address of 9021 Moss Creek Circle, Las Vegas, NV 89117.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

52. Plaintiff has never lived at or been associated with the address of 11021 Rossi Ave, Las Vegas, NV 89144.

53. Plaintiff does not know anyone associated with either the 9021 Moss Creek Circle, Las Vegas, NV 89117 address, or the 11021 Rossi Ave, Las Vegas, NV 89144 address.

54. Plaintiff did not create, has never had, and has never used the email address tinabar1950@yahoo.com.

55. Plaintiff has never been associated with, never used, and has never authorized anyone to associate her with the phone number 702-340-1950.

56. On or around February 4, 2020, Plaintiff went to a Los Angeles Police Department and reported that her identity had been stolen, that someone had used her personal information to gain credit and make purchases, and that she did not know who had stolen her identity.

57. On or around September 1, 2020, Plaintiff again mailed IDTNs to Chase, Experian, Equifax, and Trans Union, and mailed a first IDTN to Innovis.

58. The September IDTNs sent to each of the Defendants contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft. The letter stated the facts regarding Plaintiff's discovery of the fraudulent accounts on her credit reports and the prior IDTN's that she'd sent out in April and May 2020.

59. The September IDTNs requested that each of the Defendants investigate the accounts and the ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the two Chase accounts.

60. The September IDTNs also requested that each recipient send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to create the account, as well as copies of all records associated with the account.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

61. The September IDTN to Chase included the following as enclosures: Affidavit of Identity Theft and Police Report, a copy of Plaintiff's driver's license, a handwriting sample, an annotated copy of Plaintiff's credit reports with the disputed items circled, and a copy of the May 2020 IDTN.

62. The September IDTNs to Experian, Equifax, and Trans Union included the following as enclosures: Affidavit of Identity Theft and Police Report, a copy of Plaintiff's driver's license, an annotated copy of Plaintiff's credit reports with the disputed items circled, and a copy of the April 2020 IDTNs.

63. The September IDTN to Innovis included the following as enclosures: Affidavit of Identity Theft and Police Report, a copy of Plaintiff's driver's license, and an annotated copy of Plaintiff's credit reports with the disputed items circled.

64. Chase received Plaintiff's mailed IDTN on or around September 8, 2020.

65. Experian received Plaintiff's mailed IDTN on or around September 5, 2020.

   a. Experian responded via letter dated September 7, 2020, stating that it is unable to honor Plaintiff's request "based on the limited amount of information regarding [her] dispute." Experian asked for specific information, including a copy of government issued ID (provided with the original IDTN) and a copy of a utility bill, bank, or insurance statement.

   b. Experian also provided an updated credit report dated September 9, 2020, which showed the inaccurate information still being reported.

   c. Experian responded again via letter dated September 15, 2020, stating that they were declining to block the accounts from her credit report because it determined the request was made in error, was a misrepresentation of material fact, or Plaintiff obtained possession of goods, services, or money as a result of the transaction.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d. Experian responded again through their online dispute platform stating that the Chase account with the balance of $1007 was deleted and/or blocked.

e. Experian responded again via letter dated September 16, 2020, showing that the Chase account with the balance of $5146 was still being reported to her credit report.

f. Experian responded again through their online dispute platform stating that the Chase account with the balance of $5,146 was deleted and/or blocked.

g. Plaintiff obtained her October 14, 2020, Experian credit report online and it showed that both Chase accounts were deleted and/or blocked.

66. Trans Union received Plaintiff's mailed IDTN on or around September 17, 2020, and her online IDTN on September 1, 2020.

a. Trans Union responded via letter dated September 4, 2020, stating that it declined to block the information from her report because it determined the request was made in error, was a misrepresentation of material fact, or Plaintiff obtained possession of goods, services, or money as a result of the transaction.

b. Trans Union responded again by letter dated September 11, 2020, stating that the Chase account with the balance of $5,146, had apparently been deleted/blocked from her Trans Union report and *added back* as of September 11, 2020, because it was verified as accurate.

c. Trans Union responded again via letter dated September 16, 2020, stating that the Chase account with the balance of $1007 was deleted/blocked, and the two Chase inquiries dated 2/7/2019 and 3/1/2019 were also deleted and/or blocked.

///

d. Trans Union responded again via letter dated September 25, 2020, stating that the Chase account with the balance of $5,146 was deleted and/or blocked.

e. Plaintiff obtained her October 14, 2020, Trans Union credit report online and it showed that both Chase accounts were deleted and/or blocked.

67. Innovis received Plaintiff's mailed IDTN on or around September 5, 2020, and her online IDTN on September 1, 2020.

a. Innovis responded by letter dated September 10, 2020, indicating that the accounts did not appear on her report and provided a report dated September 10, 2020, showing that the Chase accounts did not appear on her credit report.

b. Plaintiff obtained her October 1, 2020 Innovis credit report online, and it showed that the Chase account with the balance of $1007 was reinserted in Plaintiff's Innovis credit file.

c. Plaintiff obtained her October 14, 2020, Innovis credit report online and it showed that the Chase account with the balance of $1007 was being reported to her credit.

d. Plaintiff obtained her May 5, 2021, Innovis credit report online and it showed that both Chase accounts were deleted and/or blocked.

68. Equifax received Plaintiff's mailed IDTN on or around September 10, 2020.

a. Plaintiff obtained her October 14, 2020, Equifax credit report online and it showed that both Chase accounts were deleted and/or blocked.

69. Since sending the official police report to Chase, Innovis, Experian, Trans Union, and Equifax, Chase has continued reporting the account to, on information and belief, all four Credit Reporting Agencies, but it is no longer reporting with all four of the CRAs because, on information and belief, Equifax, Experian, and Trans Union have blocked the accounts from appearing as of

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

October 2020, and, on information and belief, Innovis had blocked the accounts from appearing as of May 2021.

70. Chase has refused to adequately investigate Plaintiff's numerous claims of identity theft, and has continued to report the alleged debt to Plaintiff's credit report(s).

71. Chase has maintained its claim to Plaintiff's money and/or property by maintaining that Plaintiff owes the alleged debt.

72. Chase ignored Plaintiff's disputes and instead maintained its interest in Plaintiff's money and property that is the product of identity theft by: (1) continuing to report the alleged debt to Plaintiff's credit report(s), (2) continuing to attempt to collect the alleged debt from Plaintiff, and (3) maintaining that Plaintiff is responsible for paying the alleged debt – despite knowing that the Chase accounts were fraudulently opened and used, and thus the debt was created as a result of identity theft.

73. A claimant, as defined by C.C.P. section 1798.92(a), "means a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."

74. Chase purports to have an interest in Plaintiff's money and property because it is still reporting the alleged debt to Plaintiff's credit report(s), it is continuing to attempt to collect the debt, and it has not disassociated this debt from Plaintiff and his personal information. This constitutes an actual or purported claim for money and/or an actual or purported interest in property on the part of Chase.

75. Plaintiff has requested and demanded that she and her personal information be disassociated from the alleged debt, that Chase remove the alleged debt to Plaintiff's credit reports, that Chase stop attempting to collect the alleged debt from Plaintiff, and that Chase acknowledge that Plaintiff does not owe this alleged debt. Chase has failed and refused to do so.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

76. Plaintiff did not consent to the use of her personal information to open the fraudulent Chase accounts that Chase is attempting to collect from Plaintiff.

**ACTUAL DAMAGES**

77. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage in the form of pecuniary loss, damage to credit, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, and charges for postage.

78. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendant would, if left unchecked in a competitive

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(A)**

**[AGAINST CHASE]**

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

81. Defendants understood the nature of Plaintiff's disputes when it received ACDVs from Experian, Equifax, TransUnion, and Innovis.

82. As a result of the conduct, actions and inactions of Chase. the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

83. The conduct, actions and inactions by Chase were willful, rendering Chase liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Chase was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

84. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST CHASE]

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

87. As a result of the conduct, actions and inactions of Chase, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

88. The conduct, actions and inactions by Chase were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Chase was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

89. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

### [AGAINST CHASE]

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

91. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Chase accounts through reporting said accounts to Plaintiff's credit files with Experian, Equifax, TransUnion, and Innovis and failing to correctly report results of an accurate investigation to each other credit reporting agency.

92. As a result of the conduct, actions and inactions of Chase, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

93. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Chase intended their employees or agents to follow.

94. The conduct, actions and inactions by Defendants were willful, rendering Chase liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Chase was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

95. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT IV

### VIOLATION OF THE CCRAA

### CAL. CIV. CODE § 1785.25(A)

### [AGAINST CHASE]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase violated Cal Civ §1785.25(a) by

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

98. As a result of the conduct, actions and inactions of Chase the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

99. The conduct, actions and inactions by Chase were willful, rendering Defendants liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal. Civ. §1731(a)(2)(B). In the alternative Chase was negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

100. The Plaintiff is entitled to recover actual damages, costs, and attorney's fees from Chase in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

**COUNT IV**

**VIOLATION OF THE CITA**

**CAL. CIV. CODE § 1798.93, ET SEQ.**

**[AGAINST CHASE]**

101. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

103. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant(s) based upon alleged debts and/ or security interest resulting from identity theft.

104. Plaintiff has provided written notice to Chase that a situation of identity theft may exist with respect to the money, including a copy of the Police Report. Chase has

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

failed to diligently investigate Plaintiff's notifications of identity theft. Chase has continued to maintain a claim for money and/or interest in Plaintiff's money after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

105. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from Chase, pursuant to Cal. Civ. Code § 1798.93(c)(6).

106. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Chase on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Chase purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Chase from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

### COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681C-2(A)

### [AGAINST EXPERIAN, EQUIFAX, TRANS UNION, AND INNOVIS]

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

108. Defendant Experian violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

    a. Plaintiff sent Experian a dispute dated April 28, 2020, and attached a police report detailing the identity theft.

    b. Experian did not delete the account from Plaintiff's credit file until around October 2020.

109. Defendant Equifax violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

    a. Plaintiff sent Equifax a dispute dated April 28, 2020, and attached a police report detailing the identity theft.

    b. Equifax did not delete the account from Plaintiff's credit file until around October 2020.

110. Defendant Trans Union violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

    a. Plaintiff sent Trans Union a dispute dated April 28, 2020, and attached a police report detailing the identity theft.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. Trans Union did not delete the account from Plaintiff's credit file until around October 2020.

111. Defendant Innovis violated 15 U.S.C. §1681c-2(a) when it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

a. On September 1, 2020, Plaintiff sent, via certified mail as well as online submission, an IDTN to Defendant Innovis, which included her name, full SSN, address, date of birth, a statement that the Chase accounts were fraudulently applied for, opened, and used due to the theft of Plaintiff's identity, a police report regarding the identity theft, an affidavit of identity theft, a copy of Plaintiff's driver's license, and an annotate copy of her credit report with the disputed accounts and items circled.

112. As of October 29, 2020, Defendant Innovis's credit reports for Plaintiff still showed the Chase account with the balance of $1007.

113. Sometime between October 29, 2020, and May 5, 2021, Defendant Innovis removed/deleted/blocked the account from Plaintiff's credit file.

114. The conduct, actions and inactions by Defendants Experian, Equifax, Trans Union, and Innovis were willful, rendering Defendants Experian, Equifax, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendant Innovis was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

115. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax, Trans Union, and Innovis

in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(1)

### [AGAINST EXPERIAN, EQUIFAX, TRANS UNION, AND INNOVIS]

116. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

117. Defendants Experian, Equifax, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(l) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

118. The conduct, actions and inactions by Defendants Experian, Equifax, Trans Union, and Innovis were willful, rendering Defendants Experian, Equifax, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants Experian, Equifax, Trans Union, and Innovis was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

119. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(4)

### [AGAINST EXPERIAN, EQUIFAX, TRANS UNION, AND INNOVIS]

120. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

121. Defendant Innovis violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

122. The conduct, actions and inactions by Defendants Experian, Equifax, Trans Union, and Innovis were willful, rendering Defendants Experian, Equifax, Trans Union, and Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants Experian, Equifax, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

123. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT VIII**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(A)**

**[AGAINST EXPERIAN, EQUIFAX, TRANS UNION, AND INNOVIS]**

124. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. Defendants Experian, Equifax, Trans Union, and Innovis violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

126. The conduct, actions and inactions by Defendants Experian, Equifax, Trans Union, and Innovis were willful, rendering Defendant Innovis liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Defendants Experian, Equifax, Trans Union, and Innovis were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

127. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax, Trans Union, and Innovis in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT IX

### VIOLATION OF § 1788.17 OF THE RFDCPA

### [AGAINST CHASE]

128. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

129. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

130. Defendant Chase violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692f.

   a. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   b. A debt collector violates §1692e(2)(a) of the FDCPA when it falsely represents the character, amount, and legal status of a debt.

      i. Chase violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount and legal status of the debt in that it represented that Plaintiff owed the debt when she did not.

   c. A debt collector violates §1692e(8) when it communicates and/or threatens to communicate credit information which is known or should be known to be false.

      i. Chase violated §1692e(8) when it reported the fraudulent debt to Plaintiff's Experian, Equifax, Trans Union, and Innovis credit

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

reports when it knew or should have known that the debt was fraudulently obtained using Plaintiff's personal identifying information without her permission – i.e. that it knew or should have known that the accounts were only opened and used as a result of the theft of Plaintiff's identity.

d.  A debt collector violates §1695e(10) when it uses a false representation and/or deceptive means to collect or attempt to collect a debt from a consumer.

   i.  Chase violated §1692e(10) when it falsely represented that Plaintiff owed the debt in order to attempt to collect the fraudulent debt from Plaintiff.

e.  A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

f.  A debt collector violates §1692f(1) of the FDCPA when it collects or attempts to collect any amount unless authorized by agreement or permitted by law.

   i.  Chase violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect debt – incurred solely because of the theft of Plaintiff's identity ( her identity was used to fraudulently open and use credit cards) – from Plaintiff that Plaintiff does not owe.

## COUNT X

### VIOLATION OF CAL. PENAL CODE §530.8

### [AGAINST CHASE]

131. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

132. An entity violates Penal Code §530.8 when it fails to provide a person who has had an account applied for or opened in their name by an unauthorized person

THE CARDOZA LAW CORPORATION
548 MARKET ST, #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1   with (1) information relating to the unauthorized application or account, including

2   a copy of the unauthorized person's application information and a record of

3   transactions or charges associated with the application or account, (2) categories

4   of identifying information that the unauthorized person used to complete the

5   application or open the account, and (3) copies of all paper records, records of

6   phone    applications/authorizations,    and/or    records    of    electronic

7   applications/authorizations, without charge, within ten (10) business days of the

8   entity's receipt of the person's request and submission of a police report regarding

9   the ID theft.

10  133.  Defendant Chase violated Penal Code §530.8 when it failed to provide the

11  required information within ten (10) business days of submission of the request

12  and police report. Plaintiff sent the request and IDTN to Defendant Chase on or

13  around September 1, 2020. To date, Defendant Chase has only provided some,

14  but not all, of the information requested.

15                              **PRAYER FOR RELIEF**

16  **WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant

17  for:

18      a)  An award of actual damages, in an amount to be determined at trial,

19          pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n, and

20          1681o, and Cal. Civ. Code §1731(a)(1) against Chase and for Plaintiff;

21      b)  An award of any equitable relief the Court deems appropriate, pursuant

22          to Cal. Civ. Code § 1798.93(c)(5) against Chase and for Plaintiff;

23      c)  A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code §

24          1798.98(c)(5) from Defendant Chase and for Plaintiff;

25      d)  An award of costs of litigation and reasonable attorney's fees, pursuant

26          to Cal. Civ. Code § 1798.93(c)(5) against Chase and for Plaintiff;

27  ///

28  ///

**COMPLAINT**                                               **Page 26 of 29**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

e)  A declaration that Plaintiff is not obligated to Chase on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) against Chase and for Plaintiff;

f)  A declaration that any security interest, or other interest, Chase purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2) against Chase and for Plaintiff;

g)  The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4) against Chase and for Plaintiff;

h)  An injunction restraining Chase from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3) against Chase and for Plaintiff;

i)  Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Chase be ordered to immediately return to Plaintiff's money against Chase and for Plaintiff;

j)   An award of statutory damages pursuant to 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code § 1731(a)(1) against Chase and Innovis and for Plaintiff;

k)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o against Chase and Innovis and for Plaintiff;

l)  Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1731(a)(1) against Chase and for Plaintiff;

m) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease

**COMPLAINT**                                                          **Page 27 of 29**

reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information against Chase and Innovis and for Plaintiff;

n) An order directing that each Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information against Chase and Innovis and for Plaintiff;

o) An award of punitive damages against Chase and Innovis and for Plaintiff;

p) Actual damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, Cal. Civ. Code § 1785.31, Cal. Civ. Code § 1788.30, and Cal. Civ. Code § 1798.93(c)(5) against Chase and Innovis and for Plaintiff;

q) Actual damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o against Chase and Innovis and for Plaintiff,

r) Statutory damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, Cal. Civ. Code § 1788.30, and Cal. Civ. Code § 1785.31, against Chase and Innovis and for Plaintiff;

s) Statutory damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o, against Chase and Innovis and for Plaintiff;

t) Punitive damages pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o, and Cal. Civ. Code § 1785.31, against Chase and Innovis and for Plaintiff;

u) Punitive damages pursuant to 15, U.S.C. §1681n and 15 U.S.C. §1681o, against Chase and Innovis and for Plaintiff; and

v) Award of actual damages pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Chase and for Plaintiff, and,

w) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Chase and for Plaintiff, and

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

x)  Award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Chase and for Plaintiff, and,

y)  Award of actual damages pursuant to Cal. Penal Code §530.8(d)(2), against Defendant Chase and for Plaintiff;

z)  Statutory penalty of $100 per day of noncompliance with Cal. Penal Code §530.8, pursuant to Cal. Penal Code §530.8(d)(2), against Defendant Chase and for Plaintiff;

aa) Award of reasonable attorneys' fees pursuant to Cal. Penal Code §530.8(d)(2), against Defendant Chase and for Plaintiff; and

bb)    Award of Treble Damages against all Defendants and for Plaintiff pursuant to Cal. Civ. Code § 3345; and

cc) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED**

134. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: June 8, 2021

BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Tina Barnes

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104